UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-5742-CAS (JEMx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | CARLOS ABASCAL V. UNITED STATES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers:) DEFENDANT'S MOTION TO DISMISS** (filed September 18, 2012)

     On July 3, 2012, plaintiff Carlos Abascal filed suit against defendants Central Intelligence Agency, United States, and Unknown United States Agencies. Dkt. No. 1. Plaintiff brings various claims relating to the alleged violation of his constitutional rights and his rights under various international treaties; he seeks to enjoin the United States from torturing him through the creation of paranoid thoughts and delusions. See Dkt. No. 1.[1]

     On September 18, 2012, defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 27. Pursuant to Local Rule 7-12, "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Plaintiff failed to file any opposition to the motion here, warranting dismissal of his case.

     In addition, the Court has reviewed the government's motion and finds it appropriate to grant the motion for the reasons set forth therein. Plaintiff may not bring a constitutional tort against the United States, because the government has not waived its sovereign immunity with respect to these types of claims. See Roundtree v. United States, 40 F.3d 1036, 1038 (9th Cir. 1994). As such, the Court lacks subject matter jurisdiction to entertain plaintiff's claims. In addition, the United States cannot be sued

---

[1] This is plaintiff's third, concurrently filed suit with nearly identical allegations against the United States government, its agencies, or its officers. See 2:12-cv-08258-CAS-JEM and 2:12-cv-0490-CAS-JEM.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-5742-CAS (JEMx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | CARLOS ABASCAL V. UNITED STATES, ET AL. | | |

by a private individual for violation of the international treaties that plaintiff names in his complaint. See Matta-Balesteros v. Henman, 896 F.2d 255, 259 (7th Cir. 1990). According, plaintiff cannot state a claim against the United States or its agencies on this ground.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (holding that leave to amend for a pro se plaintiff may be denied when "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Even if plaintiff could potentially cure the Court's lack of subject matter jurisdiction by amendment, plaintiff's allegations of thought reform and memory generation at the hands of the government are too implausible to warrant the continuation of this lawsuit. See Compl. ¶¶ 22, 24. Plaintiff's complaint is replete with details but devoid of any plausible legal grounds for relief, and amending his complaint would in no way cure this fundamental deficiency. Therefore, as with plaintiff's other complaints alleging virtually identical facts, the Court finds that plaintiff cannot possibly cure his complaint to state a plausible claim for relief here.

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss for lack of subject matter jurisdiction WITH PREJUDICE.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |